# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SUSAN CALLAGHAN,

    Plaintiff,

 v.

TRAVELERS COMMERCIAL                 Case No.:  6:19-cv-1633-Orl-78LRH
INSURANCE COMPANY

    Defendant.

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, Travelers Commercial Insurance Company, by and though its undersigned counsel, and in accordance with *Williams v. Heritage Operating, L.P.*, No. 8:07CV977 T24MSS, 2007 WL 2302131 (M.D. Fla. Aug. 8, 2007) hereby respectfully submits as supplemental authority the following federal appellate court cases where courts in the Eleventh, Fourth, Fifth, Sixth and Ninth Circuits have included future attorneys' fees in the amount in controversy, not just fees up to the time of removal:  *Wineberger v. RaceTrac Petroleum, Inc.*, 672 Fed. App'x 914, 917 (11th Cir. 2016) (unpublished), *affirming Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-CV-653-OC-30PRL, 2015 WL 225760, at * n. 5  (M.D. Fla. Jan. 16, 2015); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013); *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 397 (5th Cir. 2018); *Heyman v. Lincoln Nat'l Life Ins. Co.*, No. 18-5622, 2019 WL 3229347, at *8 (6th Cir. July 18, 2019) (unpublished); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018); Defendant also submits a case from the Seventh Circuit which held the other way.

*Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014). Although all these cases (attached as group **Exhibit A**) were decided at the time the parties briefed Plaintiff's remand motion, when Plaintiff sought Defendant's agreement to file a reply brief Plaintiff indicated that reply would address only Defendant's amount in controversy calculations and attorneys' fee affidavit. Plaintiff did not state that she would be citing additional law on whether attorneys' fees for the life of the case could be considered as a basis for removal jurisdiction, to which Defendant would then not have a chance to respond, or that she would erroneously represent to the Court that the clear majority of the cases find that attorneys' fees can be considered only through the time of removal. That erroneous representation is corrected by this Notice of Supplemental Authority, which shows that the clear majority of federal appellate courts to have considered the issue have ruled in accordance with Defendant's position.

Defendant also submits as supplemental authority the Eleventh Circuit's very recent decision in *AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, No. 17-13003, 2019 WL 4316088, at *4 (11th Cir. Sept. 12, 2019) (Opinion attached as **Exhibit B**), where the Court held that where, as here, a Complaint's clear goal is money damages, the case is treated as a damages case despite any equitable relief labels a plaintiff might attach to its pleading.

Dated: September 27, 2019.   **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

By: /s/ *Hal K. Litchford*

Hal K. Litchford, Esquire
Florida Bar No. 272485

        200 South Orange Avenue, Suite 2900
        Orlando, FL 32801
        Phone: 407-422-6600
        Fax: 407-841-0325
        hlitchford@bakerdonelson.com
        rgustafson@bakerdonelson.com
        fedcts@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

        /s/ *Hal K. Litchford*
        Hal K. Litchford