UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SUSAN CALLAGHAN**, individually and on behalf of all those similarly situated,

    Plaintiff,   Case No.: 6:19-cv-01633-WWB-LRH

vs.

**TRAVELERS COMMERCIAL INSURANCE COMPANY**,

    Defendant.
_____/

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Susan Callaghan ("Callaghan"), individually and on behalf of all those similarly situated, files this Notice of Supplemental Authority in Support of Her Opposition to Defendant's Motion to Dismiss. On October 4, 2019, the Southern District Court of Florida issued its opinion in *Glover v. Liberty Mut. Ins. Co.*, 2019 WL 4917063 (S.D. Fla. Oct. 4, 2019) ("*Glover*"). See Ex. A. The *Glover* opinion supports two of Callaghan's arguments made in Plaintiff's Memorandum in Opposition to Travelers Commercial Insurance Company's Motion and Supporting Memorandum to Dismiss Plaintiff's First Amended Class Action Complaint (the "Opposition"). Dkt. 31.

First, Defendant's Motion to Dismiss argues that Defendant did not, as a matter of law, breach any term of the Policy by not paying the title and license plate transfer fees, registration service fees, dealer fees or air pollution control fees because it is not obligated to do so under the

**Callaghan v. Travelers Commercial Insurance Company**
Civil Case No. 6:19-cv-01633-WWB-LRH
- Plaintiff's Notice of Supplemental Authority

Page 1 of 4

Policy. Dkt. 14 at 12-20. In her Opposition, Plaintiff argued she could sue for breach of the policy based on Traveler's violation of the statute as incorporated into the Policy.

*Glover* supports Plaintiff's position that § 626.9743(5)(a) is incorporated into the Policy and that a claim for breach of the Policy based on violation of that incorporated statue can be asserted:

> Thus, the Court agrees with Defendants section 626.9743(5) is incorporated into the Insurance Policy and the Court must look to how the statute directs the ACV [actual cash value] of a total loss be calculated. (*See* Mot. 6).
>
> …
>
> In asserting her breach-of-contract claim, then, Plaintiff plausibly alleges—consistent with the statute that is incorporated in the Insurance Policy—the failure to include mandatory state fees [title/license fees] constitutes a breach of the promise to pay ACV [actual cash value].

*Glover,* 2019 WL 4917063, at *5 & 8.

Second, Defendant's Motion to Dismiss argues that pursuant to the doctrine of *expression unius est exclusion alterius,* § 626.9743(5)(a), if incorporated into the insurance policy, does not require Travelers to pay title/license and dealers fees because it expressly requires payment of "the actual cost to purchase a comparable motor vehicle, including sales tax" but does not also list title/license and dealer fees. Dkt. 14 at 15-20. Callaghan in her Response argues that because the statute uses the word "including," which means "including, but not limited to," sales tax constitutes just an example of a component of the "actual cost of purchase," which component cannot be differentiated from title/license and dealer fees. Dkt. 31 at 19.

In *Glover,* the court held:

> The Florida legislature in section 626.9743(5) used the word 'including,' which like 'its more specific, arguably redundant, cousin, **including, but not limited to,**' "impl[ies] that there are necessarily more relevant factors than those [the Legislature] enumerated.' *Macon Cnty. Samaritan Mem'l Hosp. v. Shala*, 7 F.3d 762 (8th Cir. 1993). …. '*[E]xpression unius* does not apply 'to a statute in which

| Callaghan v. Travelers Commercial Insurance Company | Page 2 of 4 |
|---|---|
| Civil Case No. 6:19-cv-01633-WWB-LRH | |
| - Plaintiff's Notice of Supplemental Authority | |

the Legislature used the word "include.'' *White v. Mederi Caretenders Visiting Serv. Of Southeast Fla., LLC*, 226 So. 3d 774, 783 (Fla. 2017).

*Glover.*, 2019 WL 4917063, at *6& 7 (emphasis in original). And, as previously noted, the court held that the plaintiff had stated a cause of action for breach of contract based on the insurer's failure to pay title/license fees in violation of § 626.9743(5)(a) as incorporated into the insurance policy.

Respectfully Submitted,

*/s/Scott R. Jeeves*
Scott R. Jeeves, Esquire FBN 0905630
Primary Email: sjeeves@jeeveslawgroup.com
Secondary Email: khill@jeeveslawgroup.com
rmandel@jeevesmandellawgroup.com
**THE JEEVES LAW GROUP, P.A**.
954 First Avenue North
St. Petersburg, FL 33705
Telephone: (727) 894-2929

and

Craig E. Rothburd, Esquire FBN 49182
Primary Email:        craig@rothburdpa.com
Secondary Email:      maria@rothburdpa.com
**CRAIG E. ROTHBURD, P.A.**
320 W. Kennedy Blvd., Suite 700
Tampa, FL 33606
Telephone: (813) 251-8800

and

Alec H. Schultz, Esq. FBN 35022
Carly A. Kligler, Esq. FBN 83990
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
Telephone: (305) 740-1975
Primary: aschultz@leoncosgrove.com

**Callaghan v. Travelers Commercial Insurance Company**
**Civil Case No. 6:19-cv-01633-WWB-LRH**
 - Plaintiff's Notice of Supplemental Authority

Page 3 of 4

ckligler@leoncosgrove.com

and

Edward H. Zebersky, Esq. FBN 0908370
Mark S. Fistos, Esq. FBN 909191
**ZEBERSKY PAYNE, LLP**
110 S.E. 6th Street, Suite 210
Ft. Lauderdale, FL 33301
Telephone: (954) 989-6333
Primary: ezebersky@zpllp.com;
mfistos@zpllp.com; ndiaz@zpllp.com

and

Arthur M. Murray (La. Bar # 27694)
**MURRAY LAW FIRM**
Suite 2150 Poydras Center
650 Poydras Street
New Orleans, LA  70130
Tel:  504-525-8100
Fax:  504-584-5249
Primary: amurray@murray-lawfirm.com

**Attorneys for Plaintiff Susan Callaghan and the Class**

## CERTICATE OF SERVICE

I hereby certify that October 30, 2019, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/Scott R. Jeeves
Scott R. Jeeves, Esquire FBN 0905360

Callaghan v. Travelers Commercial Insurance Company
Civil Case No. 6:19-cv-01633-WWB-LRH
 - Plaintiff's Notice of Supplemental Authority

Page 4 of 4