**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SUSAN CALLAGHAN**, individually and on behalf of all those similarly situated,

    Plaintiff,

Case No.: 6:19-cv-01633-WWB-LRH

vs.

**TRAVELERS COMMERCIAL INSURANCE COMPANY**,

    Defendant.

_____/

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Susan Callaghan submits the following decision as supplemental authority relevant in three respects to Defendant Travelers' pending Motion to Dismiss [ECF No. 14] and its Reply in Support of its Motion to Dismiss [ECF No. 41]:

- *Signor, Gina v. Safeco Insurance Company of Illinois,* S.D. Fla. No. 0:19-cv-61937-WPD, Doc. 40, March 23, 2020 Opinion and Order on Defendant's Motion to Dismiss Plaintiffs' Complaint (Dimitrouleas, *J.*) is attached as **Exhibit A**

*First*, in both this case and *Safeco*, the very similar insurance policies require the defendants to pay the Actual Cash Value ("ACV") of total loss vehicles, which Florida law defines as their replacement costs less depreciation. The plaintiffs in both cases allege that the carrier failed to pay ACV by refusing to pay dealer fees as one of those replacement costs. *Compare* Ex. A, *Safeco* Opinion at 2 & 14-15 *with* Complaint at ¶¶6 & 79. *Safeco* held that "assuming the facts alleged by Plaintiff [identical to the facts pled by Callaghan regarding dealer fees in this case, Complaint at ¶35] are true, it is plausible dealer fees would be included in the 'actual cash value'

**Callaghan v. Travelers Commercial Insurance Company**
**Civil Case No. 6:19-cv-01633-WWB-LRH**
**- Notice of Supplemental Authority**

Page 1 of 4

under the contract as amended to conform to Florida law," and it thus denied Safeco's motion to dismiss the plaintiff's dealer fees claims. *Ex. A* at p. 15. This Court should find that holding and its underlying reasoning highly persuasive.

Second, *Safeco* addresses the salvage claim that is at issue in this case. Compare *id*. with Complaint at ¶¶36-37 & 87-88. Both plaintiffs allege that the insurance policy provides for unconditional payment of ACV on total loss claims and that the insurer breaches the policy by conditioning such payment on the insured giving title of the vehicle to the insurer subject to the insurer penalizing the insured if she refuses to do so by deducting estimated salvage value from the ACV it pays to her. *Id*. The Court in *Safeco* held that the Safeco policy, which contained no language expressly addressing whether the insurer could take the salvage (just like the Policy in this case), was ambiguous as to the insurer's right to take salvage values. *Ex. A* at p. 15. *Safeco* held that since the policy was ambiguous, and ambiguous policies should be construed in favor of insureds, the plaintiff had alleged facts sufficient to raise a plausible claim for breach of contract based on the defendant taking the salvage value of the plaintiff's total loss vehicle. *Id.* Again, this Court should find this decision highly persuasive.

*Third*, in Travelers' Reply in Support of its Motion to Dismiss, it belatedly argues that plaintiff's declaratory judgment action is improper because its duplicative of her monetary claim for damages. [ECF No. 41 at p. 3-4]. The defendant in *Safeco* also made the same argument in its Reply, and the *Safeco* court held this argument was without merit, stating in pertinent part:

> [T]his argument is ultimately unpersuasive. The Federal Rules of Civil Procedure clearly contemplate duplicative requests for relief and pleading in the alternative . …. In addition, the Eleventh Circuit's reasoning in *A&M Gerber* that a plaintiff seeking declaratory relief would not have standing in the absence of "a claim for money damages or substantial likelihood that [the insured] will suffer a future injury" implicitly acknowledges the potential for a breach of contract claim for money damages to be brought in conjunction with a claim for declaratory relief under the contract. *See A&M Gerber*, 925 F.3d at 1216.

**Callaghan v. Travelers Commercial Insurance Company**
Civil Case No. 6:19-cv-01633-WWB-LRH
- Notice of Supplemental Authority

Page 2 of 4

Ex. A at 9 (citing *A&M Gerber Chiropractic LLC v. GEICO Gem. Ins. Co.*, 925 F.3d 1205, 1216 (11th Cir. 2019)).

**DATED: March 26, 2020**          Respectfully Submitted,

*/s/Scott R. Jeeves*_____
Scott R. Jeeves, Esquire FBN 0905630
Primary Email: sjeeves@jeeveslawgroup.com
Secondary Email: khill@jeeveslawgroup.com
 rmandel@jeevesmandellawgroup.com
**THE JEEVES LAW GROUP, P.A**.
954 First Avenue North
St. Petersburg, FL 33705
Telephone: (727) 894-2929

and

Craig E. Rothburd, Esquire FBN 49182
Primary Email:          craig@rothburdpa.com
Secondary Email:          maria@rothburdpa.com
**CRAIG E. ROTHBURD, P.A.**
320 W. Kennedy Blvd., Suite 700
Tampa, FL 33606
Telephone: (813) 251-8800

and

Alec H. Schultz, Esq. FBN 35022
Carly A. Kligler, Esq. FBN 83990
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
Telephone: (305) 740-1975
Primary: aschultz@leoncosgrove.com

and

Edward H. Zebersky, Esq. FBN 0908370
Mark S. Fistos, Esq. FBN 909191
**ZEBERSKY PAYNE, LLP**
110 S.E. 6th Street, Suite 210

**Callaghan v. Travelers Commercial Insurance Company**
**Civil Case No. 6:19-cv-01633-WWB-LRH**
 **- Notice of Supplemental Authority**

**Page 3 of 4**

>Ft. Lauderdale, FL 33301
>Telephone: (954) 989-6333
>Primary: ezebersky@zpllp.com;
> mfistos@zpllp.com; ndiaz@zpllp.com
>
>and
>
>Kenneth W. DeJean (*pro hac vice*)
>kwdejean@kwdejean.com
>Law Offices of Kenneth W. DeJean
>417 W University Ave, PO Box 4325
>Lafayette, LA 70502
>
>**Attorneys for Plaintiff Susan Callaghan and the Class**

## CERTICATE OF SERVICE

I hereby certify that on March 26, 2020, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>*/s/Scott R. Jeeves*_____
>Scott R. Jeeves, Esquire FBN 0905360

**Callaghan v. Travelers Commercial Insurance Company**
**Civil Case No. 6:19-cv-01633-WWB-LRH**
**- Notice of Supplemental Authority**

Page 4 of 4