**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SUSAN CALLAGHAN,

        Plaintiff,

v.                                            Case No: 6:19-cv-1633-Orl-78LRH

TRAVELERS COMMERCIAL
INSURANCE COMPANY,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Remand (Doc. 11), Defendant's Response (Doc. 21), and Plaintiffs' Reply (Doc. 26). For the reasons stated herein, the Motion will be granted.

**I.    BACKGROUND**

Plaintiff filed this putative class action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida on July 22, 2019, alleging that Defendant improperly assessed the value of totaled vehicles by using an appraisal system that violated section 626.9743(5) of the Florida Statutes and its Policy with Plaintiff. (*See generally* Doc. 1-3). In the Complaint, Plaintiff seeks declaratory judgment as well as dealer fees, title and license fees, and the salvage value of the total loss vehicles on behalf of herself and the putative class members. (*Id.* at 21–26). Defendant removed the case to this Court under the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1332(d), on August 22, 2019. (Doc. 1 at 1). Thereafter, Plaintiff filed the Motion for Remand arguing

that Defendant has not established by a preponderance of the evidence that $5,000,000 is in controversy. (Doc. 11 at 2).

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction in any case "in which the matter in controversy exceeds the sum or value of $5,000,000" and "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d)(2)(A). "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (quotation omitted).

## III. DISCUSSION

The issue before this Court is whether Defendant has met its burden of showing that the jurisdictional minimum of $5 million under CAFA is at issue in this case. It is undisputed that Defendant has met the other prongs under CAFA. Plaintiff argues that Defendant cannot meet the jurisdictional threshold amount because: (1) Defendant is speculating and overestimating the value of the declaratory relief, and (2) Defendant cannot include attorney's fees through trial to satisfy the jurisdictional threshold amount.

In the Complaint, Plaintiff alleges that Defendant's use of the CCC One Market Value System ("**CCC System**") violates applicable Florida law and its Policy. (*See* Doc. 1-3 at 2). In addition to monetary damages, Plaintiff seeks a declaration that Defendant's use of the CCC System was unlawful. There is no dispute among the parties that the

monetary sums requested in the Complaint amount to roughly $2 million in the aggregate. Rather, the parties dispute the monetary value of the requested declaratory judgment.

"For amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (quoting *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218–20 (11th Cir. 1997)). Stated another way, "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Id.* (quotation omitted). At the outset, Defendant's attempt to argue that the full $8 million paid on the claims of the putative class members is at issue is without merit. Plaintiff is alleging that Defendant underpaid on the claims and that some or most members of the putative class are entitled to an additional sum. Accordingly, the value to Plaintiff—as opposed to Defendant—is the difference between what was paid and what was owed had the law not been violated, not sums already paid.

Alternatively, Defendant offers a number of valuations for the additional sums that could be paid if it was determined that use of the CCC System was unlawful. Plaintiff argues that any valuation attempt would be too speculative because it is unclear how such recovery would be calculated and how much each member could recover, if he or she could recover at all. This Court agrees. Defendant has failed to state how such sums would be recalculated in accordance with acceptable methods or to account for the probability that a number of class members will not be entitled to any recovery at all. Instead, Defendant attempts to offer a blanket calculation based on the highest possible award Plaintiff could receive, without any explanation of the reason it can use that method

3

to recalculate the sum due to Plaintiff or why such sums are reflective of all or a substantial portion of the class members.

"[T]he typicality element of a class action, by itself, does not allow us to infer that the *amounts* of the named plaintiffs' claims are similar to those of other class members." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 769 (11th Cir. 2010) (citation omitted). Rather, it was incumbent on Defendant to prove that "the claims are factually, not just legally, similar." *Id.*; *see also Lowery v. Ala. Power Co.*, 483 F.3d at 1184, 1220 (11th Cir. 2007) (holding that the defendant could not rely on the allegations of the complaint alone to satisfy the jurisdictional threshold without providing any evidence on the value of the individual claims). Here, Defendant has only offered various calculations based off facts specific to the named Plaintiff without offering any evidence that such calculations would be representative of the putative class members or an appropriate means for calculating damages in accordance with Florida law. Stated differently, Defendant asks this Court to engage in substantial speculation as to the entitlement of each member of the potential class to damages and the value of those damages without any evidence to support its numbers. *See McLawhorn v. GEICO Indem. Co.*, No. 8:17-cv-156-T-33AEP, 2017 WL 1277744, at *4 (M.D. Fla. Apr. 6, 2017) ("[T]he value of the declaration sought on behalf of all class members is far more abstract and speculative than the mathematical calculations propounded by [the defendant]. The particular circumstances of each class member will determine what further relief they might seek and whether they are entitled to further relief at all."); *but cf. S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317–18 & n.3 (11th Cir. 2014) (holding that the defendant had met its burden where it was "able to identify a specific number of bills that would be affected by the declaratory

relief sought, as well as a concrete monetary value that the plaintiffs may be eligible to recover if they obtain relief"). Therefore, Defendant has not met its burden of showing the value of declaratory relief by preponderance of the evidence.[1]

## IV.   CONCLUSION

As Defendant has not presented enough evidence that the amount in controversy exceeds $5 million by a preponderance of the evidence, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Remand (Doc. 11) is **GRANTED**.
2. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2019-CA-008927-O.
3. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on May 18, 2020.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Clerk of the Court of the Ninth Judicial Circuit in and for Orange County, Florida

---

[1] Having determined that Defendant did not meet its burden of showing the value of declaratory judgment, the Court need not reach the issue of attorneys' fees. Even assuming the value of the declaratory judgment to be somewhere between Plaintiff's alleged $435,183.00 and Defendant's $2,080,000.00, Defendant has not offered evidence that a sufficient amount in attorneys' fees would be at issue to push this case past the $5 million mark necessary for jurisdiction.